NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANGELA R. ESSEX, et al,

     *Plaintiffs,*

   v.

THE CHILDREN'S PLACE, INC.,

     *Defendant.*

Civil Action No. 15-5621

**OPINION**

**John Michael Vazquez, U.S.D.J.**

### I.    INTRODUCTION

This matter comes before the Court on the Motion for Notice Pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA") filed by named Plaintiffs Angela R. Essex and Gabriela Maradiaga, and eight "opt-in" Plaintiffs (collectively "Plaintiffs"). Plaintiffs, former store managers ("SMs") at Defendant The Children's Place, Inc. ("Children's Place" or "Defendant"), request the Court to conditionally certify and provide notice to a class of SMs who were allegedly misclassified as exempt employees and not paid overtime wages as required by the FLSA. D.E. 63. Defendant filed a brief in opposition to Plaintiffs' motion (D.E. 65) to which Plaintiffs' replied (D.E. 70). The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion for notice is **GRANTED**. As explained more fully below, Defendant is ordered to produce the names and limited contact information for all SMs employed

1

by Children's Place within the last three years (excluding SMs who worked at stores in California). In addition, the parties are ordered to meet and confer regarding the form and content of notice that will be sent to the class then provide the proposed notice to the Court for review and approval.

## II.    FACTS AND PROCEDURAL HISTORY

The named Plaintiffs filed their complaint on July 17, 2015, alleging that they were misclassified as exempt under the FLSA, and therefore, are entitled to unpaid overtime wages.[1] Compl. ¶¶ 1, 33, D.E. 1. Plaintiffs were store managers at Children's Place, a national retail store that sells children's clothing and related goods. *Id.* ¶¶ 11-12, 14. Plaintiffs allege that they, and similarly situated employees, "worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA." *Id.* ¶ 20. Plaintiffs further claim that the work they performed did not "include managerial responsibilities, or the exercise of meaningful independent judgment and discretion." *Id.* ¶ 28. Plaintiffs allege that their primary job duties "did not materially differ from the duties of non-exempt hourly paid employees," and included "working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives, and unpacking merchandise." *Id.* ¶¶ 29, 32. Plaintiffs also contend that the decision to classify SMs as exempt was a "centralized, company-wide policy." *Id.* ¶ 33. Since filing the complaint, eight individuals who were formerly employed as SMs at Children's Place have voluntarily opted-in to the suit. D.E. 14-16, 26, 35, 37, 56.

---

[1] Although not at issue in this motion, Plaintiff Maradiaga also seeks to certify a class under Fed. R. Civ. P. 23 on behalf of all store managers within the state of Maryland for violations of the Maryland Wage and Hour Law, MD Code Ann. Lab. & Empl. §§ 3-401, *et seq*, and the Maryland Wage Payment and Collection Law, MD Code Ann. Lab. & Empl. §§ 3-501, *et seq.* Compl. ¶ 2.

On November 30, 2015, Judge Falk entered a scheduling order that provided for two phases of discovery -- the first of which was focused on "whether Plaintiffs' FLSA claims can be conditionally certified as a collective action for notice purpose." D.E. 46. Pursuant to this Order, the parties engaged in limited discovery, which included two Federal Rule of Civil Procedure 30(b)(6) depositions of Children's Place representatives, the depositions of both named Plaintiffs and three opt-in Plaintiffs, and the exchange of more than 12,000 pages of documents. Plfs' Br. at 2 (D.E. 63-2), Def's Br. at 4 (D.E. 65). After the completion of phase one discovery, Plaintiffs filed this motion arguing that a class should be conditionally certified because they meet "their lenient burden to demonstrate a modest factual showing that Children's Place SMs are similarly situated." Plfs' Br. at 1 (internal quotation marks omitted). Plaintiffs argue that notice should be sent to all SMs who worked at Children's Place within the last three years (except for SMs in California) and that Children's Place should be ordered to provide a list with the names and contact information for all eligible employees to facilitate notice. *Id.* at 16-20. Children's Place argues that there is not enough evidence to establish that Plaintiffs are similarly situated, and maintains that SMs "satisf[y] the executive exemption to the FLSA's overtime requirement, as set forth in 29 U.S.C. § 213(a)." Def's Br. at 4, 26.

Plaintiffs were SMs at Children's Place stores in Colorado, Illinois, Maryland, Missouri, New Jersey, New York, and Texas. *See* Deposition of Gabriela Maradiaga ("Maradiaga Dep.") 27:10-13 Deposition of Angela Essex ("Essex Dep.") 29:20-25, 31:24-32:2, Deposition of Karen Vance ("Vance Dep.") 9:25-10:3; Deposition of Rachel Joseph ("Joseph Dep.") 25:2-24; Deposition of Tammy Brooks ("Brooks Dep.") 109:2-12; Declaration of John Estrada ("Estrada Decl.") ¶ 2; Declaration of Tinda Kilo ("Kilo Decl.") ¶ 2; Declaration of Tiffany Murabito ("Murabito Decl.") ¶ 2; Declaration of Jessica Shelby ("Shelby Decl.") ¶ 2; Declaration of Rafael

Vasquez ("Vasquez Decl.") ¶ 2.[2]  Children's Place has a single job description for SMs and SMs are responsible for the same primary duties regardless of the location, size, or volume of sales at the store where they work.  Grosso Decl. Ex. 5 (SM Job Description); Deposition of Eric Collier ("Collier Dep.") 50:9-51:21, 53:23-55:1; Deposition of Deana Spak ("Spak Dep.") 52:17-21.[3]  In addition, SMs nationwide are compensated in the same manner; that is, they are salaried employees and are eligible for monthly bonuses according to the "Store Leadership Incentive Plan."  *See* Grosso Decl. Ex. 21 ("Store Leadership Incentive Plan"); Spak Dep. 67:3-17.  In addition, SMs are uniformly classified as exempt under the FLSA so they are not paid overtime wages if they work more than forty hours a week.  Collier at 43:12-17; Spak at 51:15-52:3.

Plaintiffs testified that they consistently worked more than forty hours a week.  Maradiaga Dep. 216:17-19 (worked an average 50 to 55 hours per week); Essex Dep. 33:19-24 (worked 60 to 70 hours per week); Vance Dep. 235:10-14 (worked an average of 55 to 60 hours per week); Joseph Dep. 23:15-24 (worked 50 to 60 hours per week).  Plaintiffs also testified that for a majority of the hours worked, they did not perform managerial tasks.  Maradiaga Dep. 235:22-237:10 (ninety percent of day was spent on non-managerial tasks); Essex Dep. 261:9-263:2 (ninety-five to ninety-eight percent of work was on non-managerial tasks); Vance Dep. 235:15-237:18 (ninety-

---

[2] Excerpts from Plaintiffs' deposition testimony were produced by Plaintiffs and Children's Place. *See* Declaration of Seth R. Lesser ("Lesser Decl.") Exs. A-E (D.E. 63-4 to 63-8); Declaration of Michael T. Grosso ("Grosso Decl.") Exs. 2-12, 15-43, 46-50 (D.E. 66).  Because there is overlap in the excerpts provided by the parties, the Court will refer directly to the deposition transcripts. Plaintiffs also provided declarations from the five opt-in Plaintiffs who were not deposed.  Lesser Decl. Exs. F-J (D.E. 63-9 to 63-13).

[3] Defendant's Rule 30(b)(6) witnesses are Eric Collier, Vice President of Operations, and Deana Spak, Vice President of Human Resources. Plfs' Br. at 4, 8.  Selected excerpts of both Rule 30(b)(6) witnesses were provided by Plaintiffs and Children's Place.  *See* Lesser Decl. Exs. K-L (D.E. 63-14 to 63-15), Grosso Decl. Exs. 12-14, 44-45.  Because there is overlap in the excerpts provided by the parties, the Court will refer directly to the deposition transcripts.

4

five percent of time was devoted to non-managerial tasks); Joseph Dep. 118:2-8, 121:22-122:1 (majority of day was spent performing same non-managerial tasks as associates); Brooks Dep. 196:10-197:23 (eighty-five percent of time was devoted to non-managerial tasks). Plaintiffs testified that they performed the same non-managerial tasks as salaried employees, which included operating the cash register, cleaning, unpacking and moving merchandise onto the sales floor, and folding clothes.[4] *Id.* In addition, Children's Place provided SMs with more than six hundred standard operating procedures ("SOPs"). *See, e.g.*, Collier Dep. 100:2-102:23 (confirming that SOPs are made available to all store managers). While the SOPs cover an array of topics, many provide detailed instructions for simple, non-managerial tasks like how to allocate stockroom shelving (Lesser Decl. Ex M), clean the store (*Id.* Ex. O), and fold, hang, and display merchandise (*Id.* Ex. V). Plaintiffs, however, also testified that they were responsible for some managerial duties such as completing new hire paperwork, training employees, sales performance at their stores, setting associate pay within a predetermined range, and informal employee discipline. *See, e.g.*, Essex Dep. 70:3-7 (held accountable for store's sales performance); Maradiaga Dep. 122:1-23 (responsible for associate training); Brooks Dep. 116:5-9 (responsible for setting associate pay); Joseph Dep. 152:10-153:11 (ability to provide informal, verbal corrective action to sales associates); Vance Dep. 51:8-25 (trained new associates and completed new hire paperwork). In addition, at least three of the Plaintiffs testified that at times, they performed their managerial

---

[4] The declarations from the five opt-in Plaintiffs state that they routinely worked more than forty hours per week, were salaried employees, did not receive overtime pay, and primarily performed the same non-managerial duties as hourly employees. The non-managerial duties included stocking shelves, operating the cash register, cleaning, folding clothes, and moving merchandise to the sales floor. *See* Estrada Decl. ¶¶ 1-2, 7; Kilo Decl. ¶¶ 1-2, 7; Murabito Decl. ¶¶ 1-2, 7; Shelby Decl. ¶¶ 1-2, 7; Vasquez Decl. ¶¶ 1-2, 7.

5

duties concurrently with non-managerial duties. *See* Brooks Dep. 124:12-23; Maradiaga Dep. 230:21-231:3; Vance Dep. 256:6-13.

## III.    LEGAL STANDARD

The FLSA requires employers to pay overtime compensation for an employee's work that is in excess of forty hours per week. 29 U.S.C. § 207(a). Employees who work in a *bona fide* executive capacity, however, are exempt from FLSA overtime requirements. 29 U.S.C. § 213(a)(1). To qualify under the executive exemption, an employee must satisfy the criteria set forth in 29 C.F.R. § 541.100, which requires that (1) the employee receive compensation on a salary basis, (2) her primary duty is management of a recognized department, (3) she customarily and regularly directs the work of two or more employees, and (4) she has authority to hire or fire employees. 29 C.F.R. § 541.100. An employee's primary duty is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).[5] Accordingly, if an employee falls under the *bona fide* executive exemption, she is not entitled to overtime pay pursuant to the FLSA. *See Laval v. Jersey City Hous. Auth.*, No. 10-4416, 2011 WL 1792795, at *6 (D.N.J. May 10, 2011) (dismissing FLSA claim because plaintiff's job responsibilities, which included supervising and evaluating staff members, fell into the executive exemption).

---

[5] In addition, "concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements of § 541.100 are otherwise met." 29 C.F.R. § 541.106(a). Whether the employee performs concurrent duties "is determined on a case-by-case basis." *Id.* Defendant argues that Plaintiffs' performance of concurrent duties means that Plaintiffs were properly categorized as exempt. Def's Br. at 21-22. However, as explained below, it is premature to consider this argument at this stage of the proceedings. *See Goodman v. Burlington Coat Factory*, No. 11-4395, 2012 WL 5944000, at *5-6 (D.N.J. Nov. 12, 2012). Three of the Plaintiffs testified that they sometimes performed concurrent duties, not that they always did so. *See* Brooks Dep. 124:12-23; Maradiaga Dep. 230:21-231:3; Vance Dep. 256:6-13.

6

The FLSA provides employees with a private right of action to bring a collective suit against an employer to recover unpaid wages. Pursuant to 29 U.S.C. § 216(b), an employee and additional "similarly situated" employees can file a collective action suit against an employer to recover unpaid overtime compensation required by Section 207.[6] The term "similarly situated," however, is not defined by the FLSA or the supporting regulations. *See Ruffin v. Avis Budget Car Rental, LLC*, No. 11-1069, 2014 WL 294675, at *2 (D.N.J. Jan. 27, 2014). As a result, courts have interpreted similarly situated to mean that a plaintiff must "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.* (*Symczyk I*), 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds by Genesis HealthCare Corp. v. Symczyk (Symczyk II)*, 133 S. Ct. 1523 (2013). Further, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." § 216(b). Thus, employees must actively "opt-in" to an FLSA collective action suit.[7]

---

[6] While the group of similarly situated employees is frequently called a class, there are a number of key differences between a Rule 23 class action and an FLSA collective action. First, FLSA collective action plaintiffs must "opt-in" to the class, rather than "opt-out," which occurs in a Rule 23(b)(3) class action. *Bobryk v. Durand Glass Mfg., Inc.*, 50 F. Supp.3d 637, 642 (D.N.J. 2014). In addition, in a Rule 23 class, plaintiffs must establish that "the putative class meets the threshold requirements of Rule 23(a) as well as one of the three Rule 23(b) categories." *Id.* In contrast, in an FLSA collective action, plaintiffs must only establish that they are "similarly situated." *Id.* at 641-42. Last, in a Rule 23 class action, the statute of limitations for the entire class is tolled when the complaint is filed. For each individual FLSA collective action member, however, the statute of limitations is only tolled when that employee files written consent to opt into the class. *Adami v. Cardo Windows, Inc.*, No. 12-2804, 2015 WL 1471844, at *5 (D.N.J. Mar. 31, 2015).

[7] In response to "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome," the FLSA was amended in 1947 to, among other things, add the opt-in requirement. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

The Third Circuit follows a two-step process for deciding whether a case may proceed as an FLSA collective action. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).  In the first step, a court must determine whether plaintiffs make "'a modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Id.* (quoting *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 & n.4 (3d Cir. 2012)).  If plaintiffs satisfy this burden, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014) (quoting *Zavala*, 691 F.3d at 536).  A court usually considers conditional certification after the parties have engaged in limited discovery. *See, e.g.*, *Goodman v. Burlington Coat Factory*, No. 11-4395, 2012 WL 5944000, at *1-2 (D.N.J. Nov. 20, 2012).

The term conditional certification is actually a misnomer.  Conditional certification of an FLSA matter does not produce a class with independent legal status and is not necessary "for the existence of a representative action under the FLSA." *Symczyk I*, 656 F.3d at 194.  Rather, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Symczyk II*, 133 S. Ct. at 1530 (internal quotations omitted).

There is no express provision in the FLSA pertaining to court-facilitated notice to potential opt-in plaintiffs.  In *Hoffman-La Roche Inc. v. Sperling*, the Supreme Court concluded that district courts have discretion, in appropriate Section 216(b) cases, to authorize and facilitate notice to potential class members.  493 U.S. 165, 171 (1989).[8]  The Court stated that collective actions allow plaintiffs to pool their resources and provide an efficient vehicle to resolve "common issues of law

---

[8] *Hoffman-La Roche* involved an age discrimination class under the ADEA, "which incorporates enforcement provisions of the FLSA."  493 U.S. at 167 (internal citation omitted).

and fact arising from the same alleged [wrongful] activity" in one proceeding. *Id.* at 170. "These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Id.* As a result, the Supreme Court concluded that trial courts are responsible for ensuring that the joinder of additional plaintiffs is accomplished in an efficient manner. *Id.* at 170-71. Early involvement in the notice process frequently permits district courts to "manage collective actions in an orderly fashion" and ensures that notice is "timely, accurate, and informative." *Id.* at 172-73. In facilitating notice, however, "courts must be scrupulous to respect judicial neutrality" as it pertains to the merits of the action. *Id.* at 174.

For the second step, which usually occurs after the close of full discovery, courts apply a "stricter standard" to determine whether the plaintiffs are, in fact, similarly situated. *Zavala*, 691 F.3d at 535-36. To make this determination, courts "consider[] all the relevant factors and make[] a determination on a case-by-case basis." *Id.* at 536. While case specific, the relevant factors may include whether employees have the same job description, are subject to the same compensation plan, received the same training, or whether they advance similar claims and seek substantially the same form of relief. *Id.* at 536-37. Plaintiffs have the burden of proof. Therefore, Plaintiffs must establish by a preponderance of the evidence that they are similarly situated. *Id.* at 537. In addition, just because a class was conditionally certified at the first step does not mean that the class will also be certified at the second step. *See, e.g., Adami v. Cardo Windows, Inc.*, No. 12-2804, 2016 WL 1241798, at *5-11 (D.N.J. Mar. 30, 2016) (decertifying class at second step because plaintiff failed to establish that he was similarly situated to other employees). If plaintiffs satisfy their burden at the second step, "the case may proceed to trial as a collective action." *Symczyk I*, 656 F.3d at 193.

## IV.   ANALYSIS

Under the first step as set forth by the Third Circuit, Plaintiffs here seek to conditionally certify a class of SMs employed by the Children's Place within the last three years.  During the first step, courts apply "a fairly lenient standard" to determine whether the employees are "similarly situated."  *Maddy*, 59 F. Supp. 3d at 681.  It is sufficient if Plaintiffs establish that they "bring the same claims and seek the same form of relief."  *Id.*  Plaintiffs are not required to show that their positions are identical to the position of other potential class members.  Rather, as noted, Plaintiffs must "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected them and the manner in which it affected other employees."  *Id.* (internal bracket omitted) (quoting *Symczyk I*, 656 F.3d at 193).  In considering whether to conditionally certify a class, courts should consider "all relevant factors and make a factual determination on a case-by-case basis."  *Id.*  Courts, however, should not assess the merits of either a plaintiff's claims or a defendant's defenses during the conditional certification stage.  *See Goodman*, 2012 WL 5944000, at *5-6.

*Goodman v. Burlington Coat Factory* is an illustrative case of the stage one, conditional certification analysis.  Much like this matter, *Goodman* involved the conditional certification of a national class of assistant store managers ("ASMs") at Burlington Coat Factory, a retail department store chain.  Plaintiffs in *Goodman* alleged that despite their managerial job title and description, they largely performed non-managerial tasks.  *Id.* at *1.  Plaintiffs also alleged that they worked more than forty hours a week but did not receive overtime compensation because they were misclassified as exempt from FLSA overtime requirements.  *Id.*  After considering the relevant evidence, the court determined that plaintiffs "made a modest factual showing of a factual nexus between the manner in which Burlington's alleged policy affected him and the manner in which it affected other Burlington ASMs."  *Id.* at *5.  The *Goodman* court determined that ASMs were

subject to the same job description, training, regulations, and compensation, and that plaintiffs produced enough evidence at the conditional certification stage to establish that similarly situated employees existed. *Id.* (quoting *Zavala*, 691 F.3d at 536 n.4). Because it was only the first step, the court did not evaluate the merits of plaintiffs' claim that Burlington Coat Factory misclassified ASMs as exempt. Moreover, the court in *Goodman* refused to consider thirty-eight declarations submitted by Burlington Coat Factory "to show individual differences among the ASMs' actual duties" because "this inquiry necessarily addresses the merits of Plaintiffs' claim." *Id.* at *5-6.

In this instance, the Court concludes that Plaintiffs have made "a modest factual showing of a factual nexus" between Defendant's alleged misclassification of their status as exempt and the manner in which it affected other SMs. *See Goodman*, 2012 WL 5944000, at *5. Plaintiffs establish that SMs nationwide are subject to a uniform job description and must adhere to SOPs and corporate policies, many of which direct them how to perform non-managerial tasks.[9] Grosso Decl. Ex. 5 (SM Job Description); Collier Dep. 50:9-51:21, 53:23-55:1, 100:2-102:23; Spak Dep. 52:17-21. Moreover, Plaintiffs, SMs who worked at stores in seven states, testified that they consistently worked more than forty hours per week and did not receive overtime compensation. Defendant agrees that no overtime was paid and does not contest that the Plaintiffs worked over forty hours per week. Plaintiffs also testified that they performed similar, non-managerial tasks for a majority of the hours worked, which included operating the cash register, cleaning, unpacking and moving merchandise onto the sales floor, and folding clothes. *See supra* Part II. This evidence

---

[9] Children's Place states that the SOPs "recommend best practices and organizational technique; they are expressly intended to be used as guidelines for operating procedures." Def's Br. at 8. The fact that Children's Place repeatedly refers to these documents as SOPs (*see, e.g.,* Collier Dep. 98:24-25 ("It is the SOP checklist for 701, Shipping and Receiving")), however, undermines its assertion that these documents are nothing more than guidelines; Defendant itself has labeled them standard operating procedures, not "guidelines for operating procedures."

11

is sufficient to satisfy Plaintiffs' lenient burden to conditionally certify a class. *See, e.g., Stillman v. Staples, Inc.*, No. 07-849, 2008 WL 1843998, at \*4 (D.N.J. Apr. 22, 2008) (conditionally certifying a class of assistant managers).

Of note, Plaintiffs also argue that the corporate policies alone are sufficient to establish that they are similarly situated and the evidence establishing that they performed similar non-managerial duties is not relevant. Plfs' Reply at 5 (D.E. 70) ("Children's Place actually acknowledges that the relevant standards are met when it admits that all store managers are exempt, receive a salary, have the same job description, are classified as exempt, and are expected to follow the same lawful policies and procedures.") (internal quotations omitted). The Court disagrees. If Plaintiffs' argument was correct, a nationwide policy that on its face does not violate the FLSA, coupled with allegations of a sole plaintiff, would be sufficient to show that other employees are sufficiently situated as to the improper conduct. The Court agrees with other District Courts who have rejected this argument. *See, e.g., Harriel v. Wal-Mart Stores, Inc.*, No. 11-2510, 2012 WL 2878078, at \*5 (D.N.J. July 13, 2012) (refusing to conditionally certify class where plaintiff "offers not a scintilla of evidence beyond his own unsubstantiated allegations that the [] position included only minimal managerial tasks"); *Jenkins v. TJX Cos. Inc.*, 853 F. Supp. 2d 317, 323 (E.D.N.Y. 2012) ("[T]he mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes."). Here, the SM job description is facially valid under the FLSA because it addresses solely managerial duties. This is not sufficient evidence, standing alone, to demonstrate that Plaintiffs were similarly situated, although it may be considered in the similarly situated analysis. However, here, evidence from SMs in seven states regarding the type and amount of

12

non-managerial duties that they performed permits the Court to conclude that Plaintiffs have met

their modest burden.  The SOPs, which Defendant admits apply to SMs, likewise bolsters Plaintiffs

argument that they largely performed non-managerial tasks.  *Cf. Guillen v. Marshalls of MA, Inc.*,

750 F. Supp. 2d 469, 476 (S.D.N.Y. 2010).[10]

Children's Place argues that a class should not be conditionally certified because Plaintiffs

have not meet their modest burden of establishing that they are similarly situated.  The cases cited

by Defendant to support its argument, however, are readily distinguishable or inapposite.  *See*

Def's Br. at 26-35.  The courts refused to conditionally certify classes in *Jenkins*, 853 F. Supp. 2d

at 324-25, *Moore v. PNC Bank, N.A.*, No. 12-1135, 2013 WL 2338251, at *6 (W.D. Pa. May 29,

2013), and *Harriel*, 2012 WL 2878078, at *5 because each case was brought by a single plaintiff

who provided no corroborating testimony from any allegedly similarly situated employee.  Here,

the evidence establishes that SMs from seven different states performed similar non-managerial

duties for a majority of the time they spent working, worked more than forty hours per week, and

did not receive overtime compensation.  *See supra* Section II.  Courts frequently conclude that

plaintiffs meet their modest factual burden and conditionally certify classes based on evidence

similar to that provided by Plaintiffs here.  *See, e.g., Goodman*, 2012 WL 5944000, at *3

(concluding that plaintiff "produced the modest evidence required to show a factual nexus" by

providing job descriptions, several uniform corporate policies and procedures, and deposition

testimony from a Rule 30(b)(6) witness, a former district manager, and the named and two opt-in

plaintiffs) (internal quotation marks omitted); *Stillman*, 2008 WL 1843998, at *4 & n.1

---

[10] In *Guillen*, the court noted that job descriptions that included non-managerial duties could be used to determine that employees were similarly situated for FLSA purposes.  750 F. Supp. 2d at 476 (citations omitted).  As noted, Defendant's SM job description set forth managerial requirements.  The SOPs, by comparison, included many non-managerial duties.

13

(concluding that "plaintiff has presented sufficient evidence . . . to show that he is similarly situated to other employees who held or hold the job title Sales Managers while employed at Staples" based on documents, deposition testimony from two Rule 30(b)(6) witnesses and deposition testimony and/or declarations from eleven opt-in plaintiffs who worked at different locations nationwide).

Further, in *Guillen v. Marshalls of MA, Inc.*, the court refused to conditionally certify a national class of assistant store managers because the evidence only consisted of deposition testimony and affidavits from employees in the metropolitan New York area. *See* 841 F. Supp. 2d 797, 800 (S.D.N.Y. 2012); 750 F. Supp. 2d 469, 477 (S.D.N.Y. 2010). In contrast, Plaintiffs here worked at stores in seven different states. *See supra* Section II. This is more than sufficient to conditionally certify a national class of SMs. *See, e.g., Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 98, 100 (E.D.N.Y. 2014) (certifying national class based on affidavits from thirteen assistant store managers "who worked in various branches throughout seven states"); *Pippins v. KPMG LLP*, No. 11-377, 2012 WL 19379, at *9 (S.D.N.Y. Jan. 3, 2012) (conditionally certifying class of audit associates based on declarations from opts-ins located in six different states). In fact, courts have certified national classes based on allegations and deposition testimony from a single plaintiff. *Ferreira v. Modell's Sporting Goods, Inc.*, No. 11-2395, 2012 WL 2952922, at *3 (S.D.N.Y. July 16, 2012) (conditionally certifying class of assistant store managers in part based on testimony from plaintiff regarding violations at the seven stores where he worked).[11]

---

[11] The Court will not consider Defendant's arguments as to whether Plaintiffs' primary duties were managerial, the amount of managerial work Plaintiffs actually performed, or the differences in Plaintiffs' testimony as to their job duties, as these would necessarily lead to a merits-based decision of whether Children's Place illegally classified Plaintiffs, and SMs as a whole, as exempt. *See Goodman*, 2012 WL 5944000, at *5; *Stillman*, 2008 WL 1843998, at *4 ("[A]t this stage the Court does not engage in an analysis as to whether or not the Sales managers are exempt, but rather concentrates on whether or not the plaintiff has satisfied the lenient burden of showing that the other Sales Managers are similarly situated to him."). As to the differences in job duties, Plaintiffs have at this stage sufficiently met their burden to show that they are similarly situated. Plaintiffs

14

## V.    CLASS NOTICE

Plaintiffs argue that if the Court grants their motion, to facilitate notice, it should order

Children's Place to produce a list of all individuals employed as SMs within the last three years.

Plaintiffs also request that the Court order Children's Place to provide contact information, dates

of employment, locations of employment, and social security numbers for these SMs.  Plfs' Br. at

20.  In FLSA collective action cases, courts routinely order employers to produce a list of potential

class members to plaintiffs.  *See, e.g., Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d

567, 574 (D.N.J. 2014); *Stillman*, 2008 WL 1843998, at *6.  Consequently, the Court will grant

Plaintiffs' request for a list of all SMs employed by Children's Place within the last three years.

Children's Place is required to provide a list of all SMs (excluding those employed in California),

date(s) and location(s) of employment, and last known contact information, including all known

telephone number(s) and email address(es).  To the extent the information exists in an electronic

format, it should be provided in such a format.  Defendant does not have to produce social security

numbers.

Although Plaintiffs provided a proposed form of notice and consent form (Lesser Decl. Ex.

Y), Children's Place did not address the proposed notice.  Therefore, the parties are also required

to meet and confer regarding the proposed notice and consent form, and submit the proposed

notice, with any objections, to the Court for review and approval within thirty days.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for notice pursuant to Section 16(b) of the

Fair Labor Standards Act is granted.  In addition, within thirty days, Defendant shall provide a list

---

do not have to be identically situated.  Since this threshold has been met, conditional certification
is appropriate, and Defendant's arguments are more properly addressed at the second stage of the
certification process.

of all SMs (excluding those employed in California) who worked at Children's Place within three years from the date of this order, their date(s) and location(s) of employment and their last known contact information, including all telephone number(s) and email address(es).  Last, the parties are ordered to meet and confer regarding the proposed notice and consent form, and must submit the proposed notice to the Court for review and approval within thirty days.  An appropriate form of order accompanies this opinion.

Dated: August 16, 2016

John Michael Vazquez, U.S.D.J.